IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| PAMELA ANN BUSH | : | CASE NO. 5:24-BK-00497-MJC |
| | : | |
| DEBTOR | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTOR'S SECOND MOTION FOR AN EXTENSION OF TIME TO FILE
SCHEDULES, STATEMENTS, AND OTHER REQUIRED DOCUMENTS**

NOW COMES the United States Trustee ("UST"), through undersigned counsel, and respectfully objects to Debtor's Second Motion for an Extension of Time to File Schedules, Statements, and other required documents, and in support avers as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and (b)(1) and 1334 (a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are 11 U.S.C. §§ 105, 521 and Federal Rule of Bankruptcy Procedure 1007. The United States Trustee has standing to file this Objection pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. On February 29, 2024, Debtor initiated the above-referenced case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Docket Entry Number[1] 1.

3. Debtor's meeting of creditors, as required by Section 341 of the Bankruptcy Code, is scheduled for April 8, 2024. Doc. No. 4.

4. Debtor's filing was incomplete. Doc. No. 6.

5. Pursuant to Title 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007, Debtor was required to file the documents for which he is now seeking an extension within 14

---

[1] Hereinafter "Doc. No."

days of the filing of the petition. An extension of that time limit "may be granted only on motion for cause shown. *Id*. (emphasis provided).

6. On March 14, 2024, Debtor, through counsel, Michael Cibik, filed a motion to extend the time to file the required documents. Doc. No. 12.

7. That motion was granted by Order dated March 22, 2024. Doc. No. 13. Specifically, that Order gave Debtor until March 28, 2024, to file the required documents. *Id.*

8. Debtor's first motion sought the extension of time because she "is still gathering some of the information required by Counsel to prepare the Schedules and needs extra time to do so." Doc. No. 12, ¶ 4.

9. On March 29, 2024, Debtor filed a second motion for an extension of time requesting until April 11, 2024, to file the Schedules, Statements and other documents. Doc. No. 14.

10. Debtor's second motion seeks an extension for the exact same reason asserted in the first motion. Doc. No. 14, ¶ 4.

11. The UST objects to Debtor's second motion for an extension of time as it fails to demonstrate cause, within the meaning of Federal Rule of Bankruptcy Procedure 1007(a)(5), for the requested extension. More specifically, the motion fails to set forth any specificity regarding the needed extension. Rather, the motion in boiler-plate fashion merely seeks an additional extension of time to file the required documents without providing any details regarding the efforts to file them during the first extension period. Such a generic allegation does not provide cause to grant the motion.

12. Further, the UST also objects to the motion as the requested relief would require that the missing items be filed AFTER the meeting of creditors which is, as noted above, scheduled for April 8, 2024. Doc. No. 4.

13. Having the required information filed after the meeting of creditors (or shortly before a rescheduled meeting of creditors) is contrary to the purpose of Section 341. Debtor should file the required documents in a timely fashion to allow adequate notice to the Debtor's creditors and the UST of the content of the documents, and to allow for a meaningful review of that information before the meeting of creditors.[2]

14. The UST also objects to the Debtor's second motion for an extension of time as Debtor were already granted an extension by this Honorable Court. This Court's Order of March 22, 2024, set a date certain for the required documents to be filed and Debtor was obligated to comply with the Order.

*(Intentionally left blank to end of page)*

---

[2] The UST notes that in the ordinary administration of a consumer case, the interplay of Rule 1007(c) which requires the Schedules, Forms, and Statements to be filed within fourteen days of the petition, and Rule 2003 which specifically prohibits the UST from calling a meeting of creditors before the 21st day after the case was filed, provides <u>at least</u> one week between the filing of the Schedules, Forms, and Statements and the meeting of creditors.

WHEREFORE, for the above reasons, the United State Trustee respectfully objects to Debtor's amended third motion for an extension of time to file the required documents in this matter and requests that the Honorable Court enter an Order denying the motion and providing for such other relief as the Court deems appropriate.[3]

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE

        D. Troy Sellars
        Assistant United States Trustee

By:   /s/ Joseph P. Schalk
      Joseph P. Schalk, Esq.
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      Middle District of Pennsylvania
      1501 N. 6th Street, Box 302
      Harrisburg, PA 17102
      Tel. (717) 221-4515
      Fax (717) 221-4554
      Email: Joseph.Schalk@usdoj.gov

Dated: April 1, 2024

---

[3] Should this Honorable Court be inclined to grant Debtor's second motion in part and deny Debtor's motion in part, then the UST posits that an Order requiring that the requisite documents be filed no later than one week before the rescheduled meeting of creditors under penalty of automatic dismissal after certification of default filed by the UST or Chapter 7 Trustee would adequately address the UST's concerns.